USCA1 Opinion

 

 April 5, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2149 PAYLESS WHOLESALE DISTRIBUTORS, INC., ET AL., Plaintiffs, Appellants, v. ALBERTO CULVER (P.R.) INC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Aldrich and Coffin, Senior Circuit Judges. _____________________ ____________________ Fernando L. Gallardo with whom Woods & Woods was on brief for _____________________ ______________ appellants. Victor E. Grimm with whom Michael J. Abernathy, Bell, Boyd & ________________ ______________________ _____________ Lloyd, Ana Matilde Nin, Ramon Coto-Ojeda and McConnell Valdes Kelley _____ ________________ ________________ ________________________ Sifre Griggs & Ruiz-Suria were on brief for appellees. _________________________ ____________________ April 5, 1993 ____________________ ALDRICH, Senior Circuit Judge. On July 17, 1990 _____________________ plaintiffs Payless Wholesale Distributors, Inc. (Payless); L.A. Formulations, Inc. (LAF); and Leonel M. Lima (Lima) filed a 110 page first amended complaint, containing twenty causes of action against Alberto Culver (P.R.), Inc.; LSE Sales Corp.; LSE Advertising Company; Alberto-Culver Company; and Leonard S. Etten. Monetary damages were specified for each cause, varying between $5 million and $150 million. Out of abundance of caution, plaintiffs requested "any additional relief that this Honorable Court deem (sic) just and proper." The district court, quite properly, criticized the complaint for not being "a short and plain statement" in accordance with Fed. R. Civ. P. 8(a)(2). Even more justly, it could have complained of the flagrant violation of Fed. R. Civ. P. 11.1 The amount of damages sought is a relevant matter. See Mestayer v. Wisconsin Physicians Service Ins. Corp., 905 ___ ________ ________________________________________ F.2d 1077, 1080 (7th Cir. 1990). Cf. Thorpe v. Mutual of __ ______ __________ Omaha Ins. Co., 984 F.2d 541, ___ (1st Cir. 1993). Coupled ______________ with the extended complaint it would be difficult to think of clearer indifference to counsel's elementary obligations. In a comprehensive opinion the court granted defendants' motion to dismiss nineteen of the causes of action, and then granted a motion for summary judgment for ____________________ 1. ". . . The signature of an attorney or party constitutes a certificate [of] belief . . . it is well grounded in fact. . . ." -2- defendants as to the twentieth. Happily, we need not reach the correctness of these individual rulings. The court should have recognized the defense of judicial estoppel and dismissed the complaint at the outset. On that basis we affirm. According to the complaint defendants were guilty, inter alia, of violating the antitrust and RICO laws, _____ ____ tortious interference with contractual relations, mail and wire fraud, conspiracy, breach of contract, fault or negligence, and damage to reputation, all for the purpose of driving plaintiffs out of business.2 By reason of these alleged wrongs Payless, soon after commencing business in February, 1986, found itself having to take various actions that it would not have chosen. Business was unsuccessful, and in July, 1988 it filed for bankruptcy under Chapter 11. In re Payless Wholesale Distributors, Inc., No. 88-0951 _______________________________________________ (Bankr. D.P.R. filed July 14, 1988). In connection therewith there were requirements to give reasons for filing, and to list all debtor's assets, including claims and causes of action.3 In no filing did Payless even vaguely refer to the ____________________ 2. Strictly, Payless is the one business entity having claims. LAF was a manufacturer of products Payless proposed to sell, and Lima a mere stockholder. Neither had independent rights. Warth v. Seldin, 422 U.S. 490, 499 _____ ______ (1975); Jones v. Niagara Frontier Transp. Auth., 836 F.2d _____ _______________________________ 731, 736 (2d Cir. 1987), cert. denied, 488 U.S. 825 (1988). ____________ 3. 11 U.S.C. 521(1), 1125(a). -3- present claims, or distinguish the one defendant mentioned from its other creditors, yet Payless now alleges bankruptcy was "a direct result of the conspiratorial acts of defendants." First Am. Complaint 98. Even a cursory examination of the claims shows that defendants should have figured in both aspects of the Chapter 11 proceedings, and that Payless could not have thought otherwise. The brazenness of its ambivalence is illustrated by its present assertion that the statute of limitations had not run because it had been tolled by the pendency of Chapter 11. The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in Payless's present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. See, e.g., In re H.R.P. Auto ___ ____ ___________________ Center, Inc., 130 B.R. 247, 253-54 (Bankr. N.D. Ohio 1991) _____________ (collecting cases). Payless, having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis. This may not be strictly equitable estoppel, as the court -4- observed. Indeed, defendants may have a windfall. However, it is an unacceptable abuse of judicial proceedings. It is a generally recognized proposition that one cannot play "fast and loose with the courts." Patriot _______ Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st _____________ ____________________ Cir. 1987). The language in Oneida Motor Freight, Inc. v. ___________________________ United Jersey Bank, 848 F.2d 414 (3d Cir.), cert. denied, 488 __________________ ____________ U.S. 967 (1988) is singularly on point. A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights. In Re Hannan, 127 F.2d 894 (7th Cir. ______________ 1942). 848 F.2d at 416. Disclosure is important, in this case, not only to the bank as an adversary and as a creditor, but to the other creditors and to the bankruptcy court. Here, "the silence" in the Oneida bankruptcy record concerning this present claim, as they say in the vernacular, "is deafening." Id. at 417. __ In order to preserve the requisite reliability of disclosure statements and to provide assurances to creditors regarding the finality of plans which they have voted to approve, we hold that under the facts here present Oneida's failure to announce this claim against a creditor precludes it from litigating the cause of action at this time. Id. at 418. __ -5- By noting, and then disregarding Oneida Motor _____________ Freight, and stating that Payless's "disclosure statement _______ does not constitute the adoption of a position by Payless in one judicial proceeding that is intentionally inconsistent with its claims in this case" the court failed to appreciate the long accepted nature of Payless's obligations in the Chapter 11 proceeding. Nothing more need be said. Affirmed. ________ -6-